UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY W. STEMEN,

    Plaintiff,

v.                                        CASE NO. 8:18-cv-162-T-23MAP

DETECTIVE WILLIAM RUSHING,

    Defendant.
_____/

## **O R D E R**

Stemen's amended complaint (Doc. 6) alleges that Detective Rushing violated his civil rights by surreptitiously recording his interviews and seizing his cellular telephone without a warrant. Stemen paid the full $400 filing fee. Even though Stemen is not proceeding *in forma pauperis*, a district court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Although the amended complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* amended complaint lacks merit under this standard.

Stemen alleges that on October 9, 2016, Detective Rushing both questioned him inside his home, during which the detective recorded their conversation without Stemen's knowledge, and seized his cellular telephone without a warrant. Stemen states that he was transported to the Winter Haven Hospital and held under the "Baker Act." Stemen represents that three days later and while in the psychological ward of the hospital, Detective Rushing again questioned him, stopped the questioning to read Stemen his *Miranda* rights, and resumed the questioning, which he again recorded without Stemen's advance knowledge. Stemen asserts that he neither positively knew that the conversations were recorded nor knew that the conversations were used as evidence against him until he received his copy of discovery after he reached prison. Stemen fails to state a claim that he can pursue in a civil rights action.

Stemen's allegations challenge the validity of his conviction because he contests the lawfulness of the means Detective Rushing used to acquire the evidence that was used to convict him. Under *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), if a state prisoner challenges the fact or duration of confinement, a writ of habeas corpus is the exclusive federal remedy. Additionally, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), precludes Stemen from challenging the validity of either the conviction or the sentence by a civil rights action instead of an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

> conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has *not* been so
> invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the plaintiff
> can demonstrate that the conviction or sentence has already
> been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Stemen has no Section 1983 claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90.

Consequently, Stemen fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.

Stemen would gain no benefit from construing the civil rights action as a habeas action because his challenge to the validity of his conviction is still pending in

> conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has *not* been so
> invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the plaintiff
> can demonstrate that the conviction or sentence has already
> been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Stemen has no Section 1983 claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90.

Consequently, Stemen fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.

Stemen would gain no benefit from construing the civil rights action as a habeas action because his challenge to the validity of his conviction is still pending in

state court.* An applicant must present each claim to the state courts before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). Additionally, to avoid a procedural default, a petitioner must present each claim to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d at 579 ("In Florida, in non-death penalty cases, the applicant must have apprised a district court of appeal" of the federal rights that were allegedly violated.).

As a consequence, Stemen fails to state a claim upon which relief can be granted in the present action. Amendment of the action would prove futile because

---

* Stemen's appeal from the denial of relief in his motion under Rule 3.800, Florida Rules of Criminal Procedure, to correct an illegal sentence is pending in the Second District Court of Appeal, No. 2D17-3453. The district court judicially notices (1) the online docket for the Second District Court of Appeal, which docket is accessible by searching Stemen's name at "http://199.242.69.70/pls/ds/ds_docket_search" and (2) the online docket for the Circuit Court for Polk County, Florida, which docket is accessible by searching Stemen's name at "https://pro.polkcountyclerk.net/PRO/PublicSearch/PublicSearch."

Stemen can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Stemen's re-filing a Section 1983 complaint if he succeeds in having the conviction vacated. The clerk must enter a judgment of dismissal against Stemen and close this case.

ORDERED in Tampa, Florida, on March 19, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE